UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANDERS TRON-HAUKEBO,

    Plaintiff,

v.

CLALLAM COUNTY, et al.,

    Defendants.

CASE NO. 3:24-CV-5051-DWC

ORDER DENYING LEAVE TO AMEND, MOTION FOR SUMMARY JUDGMENT, AND LEAVE TO ENTER ADDENDUM

Presently pending before the Court are Plaintiff Anders Tron-Haukebo's Motion to Add Defendant, Motion for Summary Judgment, and Motion for Leave of Court to Enter Addendum. Dkts. 36, 37, 41.[1] After review of the relevant record, Plaintiff's Motion to Add Defendant (Dkt. 36), Motion for Summary Judgment (Dkt. 37), and Motion for Leave of Court to Enter Addendum (Dkt. 41) are denied.

**I.    Background**

Plaintiff sued Clallam County and two of its officials, Amy Oakes and Nelson Morgan, in Clallam County Superior Court. He alleges that the defendants violated his Second Amendment rights when they denied his application for a concealed weapon permit, apparently citing a

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. Dkts. 30, 31, 33, 34.

ORDER DENYING LEAVE TO AMEND,
MOTION FOR SUMMARY JUDGMENT, AND
LEAVE TO ENTER ADDENDUM - 1

protection order or restraining order against him. Dkt. 1-2. Defendants removed the case here based on the federal question presented. Dkt. 1.

## II. Leave to Add Defendant (Dkt. 36)

Plaintiff seeks leave to amend his Complaint to add the State of Washington and Lea Dawn Braack as defendants in this case. Dkt. 36. Plaintiff previously tried to amend his complaint to add Braack as a defendant. *See* Dkt. 14. In denying Plaintiff's first motion to amend, the Court stated:

> Under LCR 15, a motion to amend must attach a proposed amended complaint. Tron-Haukebo asserts that he seeks to add as a defendant Lean Dawn Braack, who may be the person who obtained some sort of protection order against him. Dkt. 14. But Tron-Haukebo's motion does not include a proposed amended complaint, and it does not describe any facts supporting a claim against Braack. Nor does Tron-Haukebo articulate what claim he seeks to assert against Braack; she is presumably not a state actor for purposes of 42 U.S.C. § 1983, and Tron-Haukebo cannot plausibly assert a constitutional claim against her. Tron-Haukebo's motion to amend, Dkt. 14, is **DENIED** without prejudice to re-file in accordance with the Federal Rules of Civil Procedure and LCR 15.

Dkt. 23 at 3.

Plaintiff seeks to amend his Complaint again asserting a claim against Braack. Dkt. 36. However, Plaintiff has again failed to include an amended complaint and fails to articulate how Braack and the State of Washington are liable under § 1983 or any other theory of liability. Accordingly, Plaintiff's Motion for Leave to Amend (Dkt. 36) is denied without prejudice.

## III. Motion for Summary Judgment (Dkt. 37)

Plaintiff has filed his third Motion for Summary Judgment. Dkt. 37; *see also* Dkts. 25, 28. The Court previously denied his motions for summary judgment because the motions did not show Plaintiff was entitled to summary judgment and did not comply with the Federal Rules of Civil Procedure, this District's Local Rules, or the Court's prior orders. *See* Dkts. 27, 29. Plaintiff's third Motion for Summary Judgment suffers from the same defects. *See* Dkt. 37. He

ORDER DENYING LEAVE TO AMEND,
MOTION FOR SUMMARY JUDGMENT, AND
LEAVE TO ENTER ADDENDUM - 2

has provided only argument. He has not sufficiently met the summary judgment standard nor provided evidence that shows he is entitled to judgment as a matter of law on any of his claims. Plaintiff has filed additional briefs in support of his Motion for Summary Judgment that also fail to show he is entitled to the relief he requests and are inconsistent with the Local Rules. *See* Dkts. 40, 41, 44, 46. Further, the Court notes that Plaintiff cannot show he is entitled to summary judgment with baseless allegations. He must provide evidence that shows there is no genuine issue of material fact. Therefore, Plaintiff's Motion for Summary Judgment (Dkt. 37) is denied.

In his Reply, Plaintiff requests this case be postponed until he can obtain records. *See* Dkt. 42. This case is in the early stages. Discovery is not set to expire until October 25, 2024. Dkt. 35. Plaintiff has not provided adequate information showing this case should be stayed. Therefore, the request for a postponement of this case (Dkt. 42) is denied.

Plaintiff was previously warned that he should refrain from filing similarly unsupported motions. Dkt. 29. The Court again warns Plaintiff that continued filing of meritless or unsupported motions may result in denial of the motions without comment. The Court also recognizes that Defendants spent time and resources responding to the Motion for Summary Judgment. *See* Dkts. 38, 39. If Plaintiff files additional motions for summary judgment, Defendants are not required to respond unless so ordered by the Court.

### IV.   Leave to File Addendum (Dkt. 41)

Finally, Plaintiff seeks leave to file an addendum to his Motion for Summary Judgment. Dkt. 41. The Court has considered the addendum and finds it suffers from the same deficiencies detailed above. As the addendum does not change the result of the Motion for Summary Judgment and as the Court has denied the Motion for Summary Judgment, Plaintiff's Leave to File an Addendum (Dkt. 41) is denied.

## V. Conclusion

For the above stated reasons, Plaintiff's Motion to Add Defendant (Dkt. 36), Motion for Summary Judgment (Dkt. 37), and Motion for Leave of Court to Enter Addendum (Dkt. 41) are denied.

Dated this 2nd day of August, 2024.

David W. Christel
United States Magistrate Judge