1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7
8

ANDERS TRON-HAUKEBO,

9
                Plaintiff,

10
    v.

11

CLALLAM COUNTY, et al.,

12
                Defendants.

CASE NO. 3:24-CV-5051-DWC

ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT AND
DENYING MISCELLANOUS MOTIONS

13
14
15
16
17
18
19
20

Currently pending before the Court are Defendants Clallam County, Nelson Morgan, and Amy Oakes' Motion for Summary Judgment (Dkt. 53)[1] and several miscellaneous motions (Dkts. 52, 59, 67, 68) filed by Plaintiff Anders Tron-Haukebo.[2] After consideration of the relevant record, the Court finds Plaintiff has failed to rebut Defendants' showing that no genuine issues of material fact remain in this case. Therefore, the Motion for Summary Judgment (Dkt. 53) is granted, Plaintiff's Motions (Dkt. 52, 59, 67, 68) are denied, and this case is closed.

21
22
23

[1] The Motion for Summary Judgment was also filed on behalf of the Clallam County Sheriff's Office. Dkt. 53. The docket identifies the Clallam County Sheriff's Office as a defendant. However, Plaintiff does not name the Clallam County Sheriff's Office as a defendant. *See* Dkt. 1-2. Therefore, the Clallam County Sheriff's Office is not a party to this action. Regardless, the Court's summary judgment findings would apply fully to the Clallam County Sheriff's Office and, if it was named as a defendant, would be dismissed.

24

[2] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. Dkts. 30-34.

ORDER GRANTING MOTION FOR SUMMARY
JUDGMENT AND DENYING MISCELLANOUS
MOTIONS - 1

1

## I.    Background

2
3
In the Complaint, Plaintiff alleges, on February 4, 2020, Defendant Nelson Morgan, a

Clallam County employee, notified Plaintiff that his application for a concealed pistol license

4
("CPL") was denied due to an order of protection ("2020 CPL Denial"). Dkt. 1-2. Then, on

5
March 8, 2023, Defendant Amy Oakes, a Clallam County employee, notified Plaintiff that a

6
second CPL application was denied based on an order of protection and a restraining order

7
("2023 CPL Denial"). *Id*. Plaintiff alleges Defendants Nelson's and Oakes' actions were illegal

8
and violated Plaintiff's Second Amendment rights. *Id*. Plaintiff requests: (1) a ruling that he

9
should be granted a CPL by the Clallam County Sheriff; (2) a ruling that the order of protection

10
granted by Snohomish County was unlawfully entered and is void; (3) a ruling that non-violent

11
persons who are subject to orders of protection cannot be denied their firearms; and (4) damages.

12
Defendants filed the Motion for Summary Judgment on October 14, 2024. Dkt. 53; *see*

13
*also* Dkt. 54 (supporting evidence). Plaintiff filed responses to the Motion on October 21, 2024

14
and October 29, 2024. Dkts. 58, 61.[3] Defendants filed their Reply on November 7, 2024. Dkt.

15
70; *see also* Dkt. 71 (supporting evidence). Without leave of Court, Plaintiff filed a surreply, new

16
exhibits, and a memorandum on November 8, 2024 and December 16, 2024. *See* Dkts. 72-76.

17
## II.    Surreply

18
Plaintiff has attempted to file a surreply, new exhibits, and an additional memorandum.

19
Dkts. 72-76. Pursuant to Local Civil Rule 7(g)(2), surreplies are limited to requests to strike

20
material contained in or attached to a reply brief. "Extraneous argument or a surreply filed for

21
any other reason will not be considered." *Id*; *see also Herrnandez v. Stryker Corp.*, 2015 WL

22
23
24

---

[3] Plaintiff filed an unsigned response on October 18, 2024, which the Court will not consider. *See* Dkt. 55.

11714363, at *2 (W.D. Wash. Mar. 13, 2015). Furthermore, surreplies must be filed within five days of the filing of the reply and shall not exceed three pages. LCR 7(g).

The Court declines to consider Plaintiff's surreply, the additional exhibits, and the additional memorandum. Plaintiff is attempting to provide additional evidence and extraneous argument to the Court. This is precisely the type of filing that is not allowed and will not be considered. Further, the memorandum is not timely. Therefore, the Court declines to consider the surreply, additional exhibits, and memorandum (Dkts. 72-76) in ruling on the Motion for Summary Judgment.

### III.    Legal Standard

Summary judgment is proper only if the pleadings, discovery, and disclosure materials on file, and any affidavits, show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"); *see also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

## IV.    Discussion

Defendants assert, in relevant part, that (1) Plaintiff's claims related to the 2020 CPL Denial are barred by the statute of limitations and (2) Defendants are entitled to qualified immunity for Plaintiff's claims related to the 2023 CPL Denial. Dkt. 53.

### A.   *Statute of Limitations*

First, Defendants assert claims related to the 2020 CPL Denial are barred by the statute of limitations. Dkt. 53. A complaint must be timely filed. Plaintiff's claims are brought under the Civil Rights Act, 42 U.S.C. § 1983, which contains no statute of limitations. "Thus, the federal courts [] apply the applicable period of limitations under state law for the jurisdiction in which the claim arose." *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981). In *Rose*, the Ninth Circuit determined the three-year limitations period identified in Revised Code of Washington (RCW) 4.16.080(2) is the applicable statute of limitations for § 1983 cases in Washington. 654 F.2d at 547; *see* R.C.W. § 4.16.080(2).

The Court also applies the forum state's law regarding equitable tolling for actions arising under § 1983. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). In Washington, courts permit equitable tolling "when justice requires." *Millay v. Cam*, 135 Wash.2d 193, 206 (1998). "The predicates for equitable tolling are bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff." *Id.* Courts "typically permit equitable tolling to occur only sparingly, and should not extend it to a garden variety claim of excusable neglect." *State v. Robinson*, 104 Wash.App. 657, 667 (2001) (internal quotations omitted).

Plaintiff alleges that, on February 4, 2020, Defendant Morgan notified Plaintiff that his CPL application was denied. Dkts. 1-2, 54-5. Thus, from the allegations contained in the Complaint, Plaintiff had actual notice of the facts related to the claims related to the 2020 CPL

Denial on February 4, 2020, and was required to initiate these claims on or before February 4, 2023. *See* Dkt. 1-2 at 3; *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996) (a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action). This lawsuit was not filed until December 20, 2023, more than 10 months after the deadline to file a claim related to the 2020 CPL Denial. Plaintiff has not pled facts to show any tolling provisions or exceptions to the statute of limitations make the filing of any claim related to the 2020 CPL Denial timely. *See* Dkts. 1-2, 58, 61. Therefore, the Court finds Plaintiff's claims related to the 2020 CPL Denial are time-barred and must be dismissed.

B. *Qualified Immunity*

Defendants assert Plaintiff's remaining claims – that Defendants violated Plaintiff's rights when they denied his 2023 CPL application – must be dismissed because Defendants are entitled to qualified immunity. Dkt. 53[4].

"[G]overnment officials performing discretionary functions [are entitled to] a qualified immunity, shielding them from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Anderson v. Creighton*, 483 U.S. 635, 638 (1987) (citations omitted). "Qualified immunity balances two important interests — the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan,* 555 U.S. 223, 231 (2009). To prevail, Plaintiff must show that (1) he suffered a deprivation of a constitutional or statutory right; and (2) that such right was clearly established at the time of the alleged misconduct.

---

[4] The Court recognizes Defendants have raised other arguments in the Motion for Summary Judgment. *See* Dkt. 53. The Court finds Defendants' qualified immunity argument is dispositive of the remaining claims and declines to further consider Defendants' other arguments.

ORDER GRANTING MOTION FOR SUMMARY
JUDGMENT AND DENYING MISCELLANOUS
MOTIONS - 5

*Hamby v. Hammond*, 821 F.3d 1085, 1090 (9th Cir. 2016). The Court may decide which step of the analysis to consider first, *Pearson*, 555 U.S. at 236, as "[f]ailing at either one will negate [Plaintiff's] eligibility to recover damages." *Hamby*, 821 F.3d at 1090.

  i.  <u>Constitutional Violation</u>

  Plaintiff alleges the 2023 CPL Denial violated his Second Amendment rights. Dkt. 1-2. "[T]he Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home." *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 10 (2022). "'Like most rights,' though, 'the right secured by the Second Amendment is not unlimited.'" *United States v. Rahimi*, 602 U.S. 680, 690–91 (2024) (quoting *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008)). In fact, "the majority of the 19th-century courts to consider the question held that prohibitions on carrying concealed weapons were lawful under the Second Amendment or state analogues." *Heller*, 554 U.S. at 626; *see also United States v. Rahimi*, 602 U.S. 680, 691 (2024) (noting that the Second Amendment right is not unlimited and stating jurisdictions have forbade carrying concealed firearms). The Court in *Bruen* noted that "[s]tates could lawfully eliminate one kind of public carry—concealed carry—so long as they left open the option to carry openly." 597 U.S. at 59. Washington allows individuals to openly carry firearms. *See* RCW § 9.41.270. Most recently, in *Rahimi*, the Supreme Court held "[a]n individual found by a court to pose a credible threat to the physical safety of another may be temporarily disarmed consistent with the Second Amendment." 602 U.S. at 702.

  Here, Plaintiff has not shown, nor does the Court find, he has a constitutional right to carry a concealed firearm. Plaintiff's right to openly carry a weapon is also not unlimited. As he does not possess a constitutional right to carry a concealed firearm, Plaintiff has failed to show he suffered a deprivation of his Second Amendment rights when his 2023 CPL application was

1   denied. *See Peruta v. Cnty. of San Diego*, 824 F.3d 919, 927 (9th Cir. 2016) (concluding "that

2   the protection of the Second Amendment . . . simply does not extend to the carrying of concealed

3   firearms in public by members of the general public"), *abrogated on other grounds by Bruen*,

4   142 S. Ct. 2111; *Louis v. Cnty. of Sacramento*, 2017 WL 661954, at \*2 (E.D. Cal. Feb. 17, 2017)

5   (finding the plaintiff failed to state a claim that defendants' refusal to issue him a concealed

6   weapons permit violated the Second Amendment because there is no Second Amendment right

7   for members of the general public to carry concealed firearms in public). As Plaintiff has not

8   shown he was deprived a constitutional right, the first prong of the qualified immunity analysis

9   has not been met and his claims related to the 2023 CPL Denial fail.

10          Regardless, the Court will examine the second prong of the qualified immunity analysis.

11          ii.      Clearly Established Law

12          Under the second prong of qualified immunity, if the Court finds a deprivation of a

13   constitutional or statutory right the Court must determine "whether the right at issue was clearly

14   established such that a reasonable officer would have understood his actions were unlawful."

15   *Hughes v. Kisela*, 841 F.3d 1081, 1088 (9th Cir. 2016). While the Supreme Court's case law

16   "does not require a case directly on point for a right to be clearly established, existing precedent

17   must have placed the statutory or constitutional question beyond debate." *White v. Pauly*, 137 S.

18   Ct. 548, 551 (2017) (internal citations omitted). "Clearly established law" should not be defined

19   at a high level of generality; it must be "particularized" to the facts of the case. *See id.*; *Ashcroft*

20   *v. al-Kidd*, 563 U.S. 731, 742 (2011); *Anderson*, 483 U.S. at 640. To determine "clearly

21   established law," the Court should first look to binding precedent. *Chappell v. Mandeville*, 706

22   F.3d 1052, 1056 (9th Cir. 2013). "Absent binding precedent, [the Court] look[s] to all available

23   decisional law, including the law of other circuits and district courts, to determine whether the

24

1  right was clearly established." *Osolinski v. Kane*, 92 F.3d 934, 936 (9th Cir. 1996); *see Elder v.*

2  *Holloway*, 510 U.S. 510, 516 (1994) (the Court should consider all relevant precedents); *Dunn v.*

3  *Castro*, 621 F.3d 1196, 1203 (9th Cir. 2010) ("In determining whether a right is clearly

4  established, we may also look to precedent from other circuits.")

5      Here, Plaintiff is subject to two active protection orders – a Restraining Order issued by

6  King County and an Order of Protection issued by Snohomish County. *See* Dkts. 54-1, 54-2. On

7  March 2, 2002, the state court entered a decree of dissolution and ordered a continuing

8  restraining order, wherein the state court restrained Plaintiff from assaulting, harassing,

9  molesting, or disturbing the peace of his estranged spouse. Dkt. 54-1 at 71. Plaintiff was also

10  prohibited from going to his estranged spouse's home and workplace and his children's school or

11  daycare. *Id*. In addition to the restraining order, Plaintiff is subject to an Order of Protection

12  related to one of his children, which was issued by Snohomish County on September 4, 2018.

13  Dkt. 54-2 at 17-22. The front page of the Order of Protection indicates a prohibition on

14  possessing weapons. *Id*. at 17. The parties do not dispute that both the restraining order and the

15  Order of Protection remain in effect. *See* Dkts. 1-2, 53.

16      As discussed above, there is no Second Amendment right for a member of the general

17  public to carry a concealed weapon. In *Bruen*, the Supreme Court determined "the Second and

18  Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside

19  the home." 597 U.S. at 10. The Supreme Court did not find an individual has a right to carry a

20  *concealed* weapon and noted that "[s]tates could lawfully eliminate one kind of public carry—

21  concealed carry—so long as they left open the option to carry openly." 597 U.S. at 59.

22  Washington allows individuals to openly carry firearms. *See* RCW § 9.41.270. To carry a

23  concealed weapon in Washington, an individual must obtain a license. *See* RCW §

24

9.41.050(1)(a). "Additionally, the Washington law, RCW § 9.41.070, makes clear that a concealed carry license shall be issued if certain requirements are met, thus employing a 'shall-issue' regime that is permissible under *Bruen*." *United States v. Vazquez-Ramirez*, 711 F.Supp.3d 1249. 1256 (E.D. Wash. 2024).

At the time of Plaintiff's 2023 CPL Denial, there was no clearly established law that would put Defendants on notice that denying a CPL application would violate an applicant's Second Amendment rights when the applicant was the subject of an active protective order or restraining order. In fact, this Court has found that a restraining order issued as part of a marital dissolution, like the restraining order issued in Plaintiff's case, "clearly satisf[ied] each of the three requirements that together trigger federal prohibition of firearm possession." *Driver v. Thurston Cnty.*, 2016 WL 3386821, at *4 (W.D. Wash. June 20, 2016). Here, the restraining order was in force at the time of the 2023 CPL Denial and it, therefore, precluded Defendants from issuing Plaintiff a CPL. *See* Dkt. 54-1; *see also Driver*, 2016 WL 2286821 (finding the defendant did not wrong the plaintiff by following federal law when it denied the plaintiff's CPL application based on a restraining order from a marriage dissolution); *United States v. Vazquez-Ramirez*, 711 F.Supp.3d at 1256 (discussing that Washington's law regarding the issuance of a concealed carry license is permissible under *Bruen*). Based on the record before the Court, there was no clearly established law that put Defendants on notice that denying his 2023 CPL application based on an active restraining order issued against the applicant was a violation of the applicant's Second Amendment rights.

The Court concludes Plaintiff does not have a Second Amendment right to carry a concealed weapon and, if he did, there was no clearly established law sufficient to put Defendants on notice that the 2023 CPL Denial violated Plaintiff's Second Amendment rights.

1    Therefore, Defendants are entitled to qualified immunity and the claims related to the 2023 CPL

2    Denial must be dismissed.

3          C.  *Remaining Claims*

4          Other than Plaintiff's Second Amendment claims related to the 2020 CPL Denial and the

5    2023 CPL Denial, the Complaint contains no other well-pled claims. *See* Dkt. 1-2. Therefore, the

6    Court finds no claims remain and this matter shall be dismissed. To the extent Plaintiff attempts

7    to request relief unrelated to the named defendants and claims alleged against them, those

8    requests for relief are not proper claims before this Court and cannot survive the Motion for

9    Summary Judgment. *See Bardo v. Stolworthy*, 2015 WL 7713710, at *10 (S.D. Ill. Nov. 30,

10   2015) (finding the plaintiff did not state a claim against defendants when he merely included

11   their names in the caption of the complaint, the list of defendants, or the prayer for relief);

12   *Brogan v. Tunkhannock Twp.*, 2015 WL 5028812, at *5 (M.D. Pa. Aug. 19, 2015) ("Plaintiff's

13   requests in his prayer for relief are not 'claims' within the meaning of Rule 8(a)(3); rather, they

14   are simply the form of relief demanded as part of the titled claim.").

15         D.  *Conclusion*

16         Plaintiff's claims related to the 2020 CPL Denial are barred by the statute of limitations

17   and Defendants are entitled to qualified immunity on Plaintiff's claims related to the 2023 CPL

18   Denial. Therefore, Defendants Morgan and Oakes must be dismissed. As Plaintiff names Clallam

19   County as a defendant solely because Defendants Morgan and Oakes were employed with the

20   Clallam County Sheriff's Office, the Court finds Clallam County must also be dismissed.

21   Accordingly, the Motion for Summary Judgment (Dkt. 53) is granted.

22

23

24

V.      **Miscellaneous Motions**

Plaintiff has filed several miscellaneous motions. Dkts. 52, 59, 67, 68. First, Plaintiff again requests Court-appointed counsel. Dkt. 67. The Court has previously considered Plaintiff's request for counsel and determined Plaintiff has not shown Court-appointed counsel is appropriate in this case. *See* Dkts. 49, 51. The Court has reviewed Plaintiff's renewed motion for Court-appointed counsel and, regardless of the result of the Motion for Summary Judgment, again finds the appointment of counsel is not appropriate in this case. Therefore, Plaintiff's request for counsel (Dkt. 67) is denied.

Additionally, Plaintiff filed two motions requesting to add witnesses to his witness list. Dkts. 52, 68. Specifically, Plaintiff names several witnesses he would like included in his list of witnesses and requests the Court order the U.S. Marshal Service ("USMS") to serve subpoenas on the witnesses. Plaintiff also filed a motion requesting the Court expedite the rulings in this case. Dkt. 59. The Court has now considered all the pending motions and the relevant record and finds this case should be dismissed. Therefore, Plaintiff's motions to name witnesses (Dkts. 52, 68) and motion to expedite rulings (Dkt. 59) are denied as moot.

VI.     **Conclusion**

For the above stated reasons, Defendants' Motion for Summary Judgment (Dkt. 53) is granted, Plaintiff's Motions (Dkts. 52, 59, 67, 68) are denied, and this case is closed.

Dated this 20th day of December, 2024.

David W. Christel
United States Magistrate Judge

ORDER GRANTING MOTION FOR SUMMARY
JUDGMENT AND DENYING MISCELLANOUS
MOTIONS - 11